IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBEN BATTLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT JACOB ALDERDEN, CITY OF ) <br> CHICAGO, WALGREENS CO., and ) <br> JAMAR WRIGHT, ) <br> ) <br> Defendants. ) | 14 C 1785 <br><br> Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Ruben Battle has sued Chicago Police Sergeant Jacob Alderden, the City of Chicago, Walgreen Co., and Walgreen store manager Jamar Wright for due process and equal protection violations pursuant to 42 U.S.C. § 1983, as well as for tortious interference with prospective economic advantage and intentional infliction of emotional distress under Illinois law. Defendants have moved to dismiss the Complaint. For the following reasons, the Court grants Defendants' motions to dismiss.

## Facts[1]

At all times relevant to his Complaint, Battle, an African-American male, was working as a security officer for a private security company at a Walgreen retail store located at 5013 S. Cottage Grove Avenue in Chicago, Illinois. Compl. ¶ 3. Battle's primary job, however, is as a Cook County Sheriff's Deputy working at the Cook County Jail. *Id.* ¶ 5. As a Cook County Sheriff's Deputy, he is employed by Cook County Sheriff Thomas J. Dart. *Id.*

---

[1] When reviewing a defendant's motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in a plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

On March 16, 2012, Sergeant Alderden responded to a call regarding a crime in progress outside of the Walgreen store where Battle was working as a security officer. *Id.* ¶ 8. After arriving on the scene, Alderden told Battle that he needed Battle to testify that he would be able to identify the suspects involved in the crime and that Alderden would tell him how to testify. *Id.* ¶ 8. When Battle told Alderden that he did not have a clear enough view of the alleged offenders to provide a positive identification and that he would not testify otherwise, Alderden reportedly told Battle that he knew people that could get Battle fired. *Id.* ¶¶ 8, 11, 12.

Alderden subsequently filed a complaint with the Cook County Sheriff's Department Office of Professional Review ("OPR") stating that Battle had refused to cooperate with Alderden's investigation. *Id.* ¶¶ 6, 9. Based on the complaint, Dart initiated an investigation. *Id.* ¶ 10.

During the OPR investigation, Battle told the investigators and subsequently testified during a hearing that: (a) a different Walgreen employee, Jerry McGhee, was able to positively identify the suspects; (b) Alderden nevertheless tried to coerce Battle into providing false testimony because Alderden felt that Battle would be perceived as more credible than McGhee, due to Battle's position as a corrections officer; and (c) Defendant Wright, the Walgreen Store Manager on duty that night, falsely claimed that Battle could identify the alleged perpetrators and "attempted to convince" Alderden that Battle could provide a positive identification. *Id.* ¶¶ 12-15. Battle prevailed at the hearing. *Id.* ¶ 15.

Beyond these allegations, the sequence of events alleged in the complaint is muddled at best. Sometime between the OPR hearing and December 17, 2012, Dart de-deputized Battle without a hearing. *Id.* ¶ 16. Then, on December 17, 2012, Battle testified at an arbitration

hearing appealing Dart's decision, but he did not prevail and his de-deputization was upheld. *Id.* ¶ 16.

According to the complaint, Battle was de-deputized at the same time that certain charges were pending against him before the Cook County Sheriff's Merit Board (the "Merit Board"). *Id.* ¶ 17. Battle eventually was suspended for twenty-nine days for failing to report to the Sheriff's Office that he had another job as a security officer, even though (according to Battle) his supervisors were well aware of this fact. *Id.* ¶ 20. The complaint also alleges that, on August 28, 2013, Alderden and Wright testified before the Merit Board in a manner that was largely consistent with their prior allegations against Battle. *Id.* ¶¶ 26, 27.

## Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## Analysis

Battle alleges that Defendants violated his procedural and substantive due process rights (Count I) and equal protection rights (Count II) in violation of § 1983. Battle also contends that Defendants engaged in tortious interference with his prospective economic advantage (Count III) and intentional infliction of emotional distress (Count IV) in violation of Illinois law.

3

I.  **Absolute Immunity for Merit Board Testimony**

As a threshold issue, Defendants argue that Alderden's and Wright's statements before the Merit Board are subject to an absolute privilege and cannot provide a basis for any of Battle's federal or state law claims.[2] Putting aside the fact that Battle does not contest this issue in his response brief, the Court agrees.

Witnesses in judicial or quasi-judicial proceedings are entitled to immunity from civil liability in connection with the testimony provided in such proceedings. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325, 332–33 (1983) (immunity from civil suit for alleged perjurious testimony in judicial proceedings); *Bilal v. Wolf*, No. 06 C 6978, 2009 WL 1871676, at *7 (N.D. Ill. Jun. 25, 2009) (witness immunity extends to administrative proceedings) (collecting cases). The Cook County Sheriff's Merit Board is a quasi-judicial body. *Zych v. Tucker*, 844 N.E.2d 1004, 1009 (Ill. App. Ct. 2006). As witnesses before the Merit Board, Alderden and Wright are protected by absolute immunity with regard to any statements made before the Board, and the statements cannot form the basis of Battle's claims.

II.  **Section 1983**

"Section 1983 imposes liability when a defendant acts under color of state law and violates a plaintiff's rights under the Constitution or laws of the United States." *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 774 (7th Cir. 2014) (citing 42 U.S.C. § 1983). Battle alleges that his twenty-nine day suspension for failing to submit an annual re-certification of secondary employment form violated his procedural and substantive due process rights. Compl. ¶¶ 15–16, 20. He also alleges that Alderden violated his equal protection rights on the basis of race. *Id.* ¶¶ 65–68.

---

[2] Battle does not address this argument in his response brief.

4

A.  **Wright and Walgreen**

As a threshold matter, Wright and Walgreen argue that they are not liable under section 1983 because they are private actors and were not acting under color of state law. A private party may be held liable under § 1983 under a conspiracy theory only if a plaintiff alleges that it "engag[ed] in joint action with state officials to deprive a person of a federally protected right." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989). "[T]o establish § 1983 liability through a conspiracy theory, 'a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents.'" *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) (quoting *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007)).

Battle does not allege that Sergeant Alderden agreed or conspired with Walgreen for the purpose of depriving him of his constitutional rights. Furthermore, Battle does not allege any fact from which the Court could reasonably infer that Sergeant Alderden and Walgreen reached any understanding or that Walgreen was involved in any way. Accordingly, the § 1983 claims against Walgreen are dismissed.[3]

The same is not true with regard to Wright, however. Battle specifically alleges that Wright attempted to convince Sergeant Alderden that Battle was able to positively identify the criminal suspects, even when he knew this was false. Compl. ¶ 13. Coupled with the remaining allegations regarding Wright's involvement in these events, this is sufficient to allege that Wright conspired with Sergeant Alderden to deprive Battle of his constitutional rights. The Court thus declines to dismiss the section 1983 claims against Wright on the basis that he is a private actor.

---

[3] Because Plaintiff concedes that his state law claims are time-barred, see Part II *infra*, Walgreen is hereby dismissed as a defendant.

## B. Procedural Due Process

"Due process, the Supreme Court has repeatedly written, is a flexible concept that varies with the particular situation." *Doherty v. City of Chi.*, 75 F.3d, 318, 323 (7th Cir. 1996); *see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Noting that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner, the Court has rejected the notion that the state is always required to provide a hearing prior to the deprivation of property." *Doherty*, 75 F.3d at 323 (citations omitted). "In certain circumstances, postdeprivation remedies are all the process that is due because, as a practical matter, they are the only remedies that the state can be expected to provide." *Id.*

"Procedural due process claims require a two-step analysis. The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due." *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998).

With regard to the first step, Battle argues that he has a protected interest in his employment as a deputy sheriff, as well as his employment as a Walgreen security guard. Pl.'s Resp. 2. It is clear that Battle has a protected interest in his employment as a deputy. *See* 55 Ill. Comp. Stat. 5/3-7012. ("[N]o deputy sheriff . . . shall be . . . suspended except for cause, upon written charges filed with the Board by the Sheriff . . . ."). It is less clear whether Battle has a property interest in secondary employment. *See Fort Wayne Patrolmen's Benevolent Ass'n, Inc. v. City of Fort Wayne*, 625 F. Supp. 722, 731–32 (N.D. Ind. 1986) (holding that police officers had no property interest in secondary employment because those jobs "are at will – the police officers could be fired at any time for any reason by their outside employers."). Even if Battle

6

could establish that he has a protected interest in his both forms of employment, however, for the reasons discussed below, his procedural due process claim fails.

Turning to the second step of the due process analysis, a plaintiff must allege "that state procedures as written do not supply basic due process" or that state officials acted in a random and unauthorized fashion in depriving the plaintiff of his protected interest." *Strasburger*, 143 F.3d at 358 (quotation omitted). If a plaintiff alleges that a state official acted in a random and unauthorized fashion, then he must also allege that he availed himself of state post-deprivation remedies or that the available remedies are inadequate. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 944 (7th Cir. 2010). This additional pleading requirement is necessary because random and unauthorized acts are "inherently unpredictable" and thus "the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008).

Battle does not argue that the state procedures as written fail to comport with basic due process. Nor can he. *See* 55 Ill. Comp. Stat 5/3-7012 ("[N]o deputy sheriff . . . shall be . . . suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice . . . ."). Rather, Battle alleges that non-defendant Sheriff Dart, along with Defendants Alderden and Wright, acted contrary to the state procedures by suspending him without notice and an opportunity to be heard in a random and unauthorized fashion. *See id.* (stating that only the Sheriff may suspend a deputy sheriff); *id.* 55 Ill. Comp. Stat 5/3-7011; Compl. ¶ 16.

But in addition to alleging that Dart, Alderden, and Wright acted in a random and unauthorized manner, Battle also must assert that he has availed himself of state post-deprivation

7

remedies or that the available remedies were inadequate. One such post-suspension remedy available in Illinois is a writ of mandamus. *Genius v. Cnty. of Cook*, No. 1–08–3277, 2011 WL 9558925, at **16–17 (Ill. App. Ct. Oct. 25, 2011) (holding that after plaintiff's suspension without a hearing, he could have filed an action in circuit court to compel the filing of charges and an opportunity for a hearing); *Chriswell v. Rosewell*, 388 N.E.2d 175, 177 (Ill. App. Ct. 1979) (issuing a mandamus, awarding back pay, and stating that "[i]t is well established that an officer or employee unlawfully suspended is entitled to recover the salary lost during the period of suspension"); *People ex rel. Hilger v. Myers*, 252 N.E.2d 924, 926 (Ill. App. Ct. 1969) (issuing mandamus for backpay). Another is a civil action for back pay. *See Burton v. Sheahan*, No. 98 C 5614, 2001 WL 563777, at *7 (N.D. Ill. May 22, 2001) (holding that correctional officer suspended without pay had an adequate state-law post-suspension remedy under the Illinois Wage Payment and Collection Act).

Because Battle has not alleged that he has availed himself of these post-deprivation remedies or that these remedies were inadequate, he fails to state a procedural due process claim under § 1983. The Court therefore grants Defendants' motions to dismiss Battle's procedural due process claim in Count I.

C. **Substantive Due Process**

A substantive due process claim "is limited to violations of fundamental rights, and employment–related rights are not fundamental . . . ." *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010) (citation omitted); *Horstmann v. St. Clair Cnty.*, 295 F. App'x 61, 64 (7th Cir. 2008) ("Employment rights are state-created rights, and a public employee's interest in continued employment does not rise to the level of a 'fundamental' right protected by substantive due process."); *see Zorzi v. Cnty. of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) (substantive due

process does not protect occupational liberty). Therefore, "an alleged wrongful termination of public employment is not actionable as a violation of substantive due process unless the employee also alleges the defendants violated some other constitutional right or that state remedies were inadequate." *Palka*, 623 F.3d at 453 (citation omitted).

Under *Palka*, Battle's allegation that he was suspended from his government position does not implicate a fundamental right. Recognizing this roadblock, Battle now argues that Alderden's attempt to suborn perjury from Battle implicates a constitutional right upon which he can based a substantive due process claim. The Court disagrees.

The Seventh Circuit has rejected substantive due process claims based on allegations that an officer had made false allegations and committed actual perjury against the plaintiff. *See Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (complaint that officers made false allegations was "nothing more than a hybrid of his Fourth Amendment false arrest and state law malicious prosecution claims"); *Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009) (allegation that officers perjured themselves alleges a state law claim for malicious prosecution rather than a substantive due process violation). While Battle alleges that Alderden attempted to have Battle perjure himself, the Court sees no meaningful distinction between substantive due process claims based on acts of actual perjury and those based on acts of inducing perjury. Accordingly, Defendants' motions to dismiss Battle's substantive due process claim in Count I are granted, and this claim is dismissed with prejudice.

### D. Equal Protection

To state a claim for equal protection based on race, Battle must allege that "he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class."

*Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005) (quotation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotations omitted).

Here, Battle simply alleges that he is an African-American male and that "African-American or black persons have traditionally been targeted for discrimination, opprobrium and mistreatment, including by law enforcement authorities such as Defendant Sergeant Alderden." Compl. ¶ 65. Battle also contends that Alderden acted "in whole or in part, on the basis of Battle's black race." *Id.* ¶ 66.

Count II as pleaded is "nothing more than a 'formulaic recitation of the elements' of an equal protection claim." *See Britt v. Anderson,* 21 F. Supp. 2d 966, 973 (N.D. Ill. 2014) (quoting *Twombly,* 550 U.S. at 555). Battle does not identify any non-African-American person who was treated differently, "nor does [he] offer any other evidence that would allow a plausible inference of discriminatory effect." *Id.* (citing *Chriswell v. Vill. of Oak Lawn,* No. 11 C 547, 2013 WL 5903417, at *11 (N.D. Ill. Nov. 4, 2013) (dismissing equal protection claim where plaintiff failed to identify similarly-situated comparators).

Recognizing the defects in this claim, Battle asks the Court for leave to amend the claim either to better plead his allegations of racial discrimination or to recast it as a "class-of-one" claim. The Court grants Defendants' motion to dismiss Count II and dismisses the claim without prejudice with leave to replead.

### III. State Law Claims

In response to Defendants' motions to dismiss, Battle concedes that his state law claims of tortious interference with prospective economic advantage (Count III) and intentional infliction of emotional distress (Count IV) are time-barred. *See* Pl.'s Resp. 6. Accordingly, the Court grants Defendants' motions to dismiss Counts III and IV with prejudice.

### Conclusion

For the reasons provided herein, the Court grants Defendants Jacob Alderden and the City of Chicago's motion to dismiss [23] and Defendants Walgreen Co. and Jamar Wright's motion to dismiss [27]. Battle's substantive due process claim (Count I) and state law claims (Counts III and IV) are dismissed with prejudice. Battle's procedural due process claim (Count I) and equal protection claim (Count II) are dismissed without prejudice. Defendant Walgreen is dismissed as a defendant. Battle shall file an amended complaint that cures the deficiencies outlined herein within fifteen days of the issuance of this Memorandum Opinion and Order. If Battle fails to do so, the Court will dismiss this case with the understanding that he no longer wishes to litigate this case.

**SO ORDERED**   ENTERED

*[signature]*

John Z. Lee
**United States District Judge**